REQUESTED BY: John M. Thor, Cuming County Attorney.
1. What grounds must be set forth in a petition seeking the recall election of a county official?
2. Can a county officer who has been appointed to fill a vacant elective office be recalled?
1. Any statement of the initiator's dissatisfaction with the performance of the county officer will suffice.
2. Yes.
You have first asked what is meant by the word `grounds' found within the portion of section 23-2010, R.R.S. 1943, which provides in pertinent part:
 ". . . The petition shall contain a general statement of the grounds upon which the removal is sought, . . ." (Emphasis added).
With respect to this question it is helpful to examine the legislative history of this section. At the time of its enactment this section made no reference to removal by recall and began with the language now codified as section23-2001, R.R.S. 1943. This section began as does section23-2001 by the delineation of eight grounds on which a county officer can be removed by judicial proceedings. In 1937 the Legislature by the enactment of Legislative Bill 232 added the language concerning removal by recall to this overall section. Thereafter, in 1943 the section was divided again and was codified generally as it is now as sections 23-2001 and 23-2010.
Therefore, at least initially the `grounds' referred to in what is now section 23-2010 referred to the eight enumerated items now contained within section 23-2001. While this examination of the legislative history may be helpful to understand how this language developed, it is not particularly instructive on the question of whether or not a recall petition must be based upon one of the grounds enumerated in section 23-2001.
As you know, as a general principle of law the Legislature is presumed to be aware of all existing statutes and to be aware of the consequences of amending statutes. Therefore, we are of the opinion that the Legislature intentionally divided the procedure for removal by judicial proceedings from that specifying the procedure for removal by recall. The fact that the term `grounds' has some historical significance and at one time perhaps referred to specifically prohibited omissions and commissions is interesting although in our opinion not dispositive of the question we are of the opinion that a recall petition must contain some statement of the basis of the circulator's dissatisfaction with the official, but that the grounds stated need not be one of those enumerated in section 23-2001, for to be of a contrary conclusion would be to import to the Legislature a specific intent which they had every opportunity to expressly state but did not.
As to your second question of whether or not a person who has been appointed to an elective office can be recalled we believe that he can. We believe that it is the nature of the office which is determinative of the appropriateness of the remedy and not the manner in which the person holding the office acquired it. Specifically in the factual context in which you raise your question there is no doubt but that the position of Cuming County Attorney is an elective office and that the person filling that position is a `county officer.'
There appears to be generally an absence of precedent directly on point but the Nebraska Supreme Court in Stateex rel. Lottmann v. Board of Education, etc., 201 Neb. 486,268 N.W.2d 435 (1978), had an occasion to generally address the question of the nature of the recall process. In that case the recall in question was of a school board member and was conducted pursuant to section 79-518.04 and thus has no direct application to recall under section23-2010. Their observations nevertheless may be pertinent.
In this case the Nebraska Supreme Court referred to an older decision, State ex rel. Topping v. Houston, 94 Neb. 445,143 N.W. 796 and renewed the observation made therein which was as follows:
 ". . . `The policy of the recall may be wise or it may be vicious in its results. We express no opinion as to its wisdom with respect to the removal of administrative officers. If the people of the state find, after a trial of the experiment, that the provisions of the statute lead to capable officials being vexed with petitions for their recall, based upon mere insinuations or upon frivolous grounds, or because they are performing their duty and enforcing the law, as they are bound to do by their oath of office, or lead without good and sufficient reason to frequent, costly, and unnecessary elections, they have the power through their legislature to amend the statute so as to protect honest and courageous officials. . . .'"
Also of interest is an observation by the Colorado Supreme Court in Bernger v. City of Boulder, 525 P.2d 416
(1974), wherein it was stated:
 "`We understand that the principle underlying the recall of public officers means that the people may have an effective and speedy remedy to remove an official who is not giving satisfaction one who they do not want to continue in office regardless of whether or not he is discharging his full duty to the best of his ability and as his conscience dictates. . . .' [citing from Dunham v. Ardery, 143 P. 331 (1914)]."
Therefore, we believe that the current state of the law in the State of Nebraska is that any county official whose office is an elective office is subject to recall regardless of whether or not he was in the first instance elected to that position or was appointed and that a recall petition if otherwise procedurally sufficient need not specify one of the grounds set forth in section 23-2001 and is sufficient if it specifies any basis of dissatisfaction as a ground of the recall.